Mr. Bryan M. Perot Executive Officer Polygraph Examiners Board P.O. Box 4087 Austin, Texas 78773
Re: Effect of federal Employee Polygraph Protection Act on application of Texas Polygraph Examiners Act (RQ-1485)
Dear Mr. Perot:
You request advice about the impact of the Employee Polygraph Protection Act of 1988, 29 U.S.C. § 2001-2009, on the responsibilities of the Polygraph Examiners Board in administering the Texas Polygraph Examiners Act, article 4413(29cc), V.T.C.S.
The Employee Polygraph Protection Act of 1988 is a federal statute which will go into effect in December of 1988, shortly before the expiration date of Texas polygraph licenses. V.T.C.S. art. 4413(29cc), § 17 (license shall be renewed annually); Tex.Polygraph Ex.Bd., 13 Tex.Reg. 831 (1988), adopted, 13 Tex.Reg. 2163 (1988) (amending 22 T.A.C. § 395.13) (renewal date is December 31). Your questions relate to the effect of this legislation on the license renewal process which your board administers. The federal act generally prohibits private employers from using polygraph tests on employees or prospective employees. There are limited exceptions to this prohibition, some of which are available only if the polygraph examiner complies with certain statutory requirements.
The Act prohibits private employers engaged in commerce or in the production of goods for commerce from requiring any employee or prospective employee to take a lie detector test. 29 U.S.C. § 2002. The term "lie detector" is defined to include the following:
 a polygraph, deceptograph, voice stress analyzer, psychological stress evaluator, or any other similar device (whether mechanical or electrical) that is used, or the results of which are used, for the purpose of rendering a diagnostic opinion regarding the honesty or dishonesty of an individual.
Id. § 2001(3). A polygraph is one kind of lie detector subject to the prohibition of this statute. See id. § 2001(3) (defining "polygraph").
The Employee Polygraph Protection Act does not apply to employees of the United States, any state or local government, or any political subdivision. Id. § 2006. Exemptions permit the federal government to administer a lie detector test to contractors with the Federal Bureau of Investigation and several agencies with responsibilities in the area of national defense or national security. Id. § 2006(b), (c). Other exemptions lift the prohibition against the use of polygraph examinations on employees or prospective employees by (1) a private employer engaged in an ongoing investigation involving economic loss or injury to the business, (2) a private employer in the business of providing specified security services, and (3) a private employer authorized to manufacture, distribute, or dispense controlled substances. Id. § 2006(d)-(f). Each of these exceptions permits only the use of polygraphs, not other lie detector tests, and each is circumscribed by limitations set out in the statute.
The Employee Polygraph Protection Act states restrictions on the use of the exemptions, some of which relate to the polygraph examiner's qualifications and his duties during the examination. Id. § 2007. The exemptions for private employers are not available unless the polygraph examination is conducted in accordance with requirements directed at protecting the examinee's rights. The act restricts the kinds of questions that the examinee may be asked and permits him to terminate the test at any time. The examiner may not conduct the test if there is sufficient written evidence by a physician that the examinee is suffering from a medical or psychological condition or undergoing treatment that might cause abnormal responses during the testing. Id. § 2007(b)(1)(A)-(D). The examiner shall not ask any question which was not given to the examinee in writing for review prior to the test. Id. § 2007(b)(2)(E), (3). The examiner may not conduct more than five polygraph tests a day or conduct a test for less than a 90-minute period. Id. § 2007(b)(5).
The Employee's Polygraph Protection Act also makes the exemptions for private employers contingent upon the polygraph examiner's compliance with the following provisions on qualifications and requirements:
 (c) . . . The exemptions provided [for certain private employers] under subsections (d), (e), and (f) of section 7 [29 U.S.C. § 2006(d)-(f)] shall not apply unless the individual who conducts the polygraph test satisfies the requirements under the following paragraphs:
(1) Qualifications. — The examiner —
 (A) has a valid and current license granted by licensing and regulatory authorities in the State in which the test is to be conducted, if so required by the State; and
 (B) maintains a minimum of a $50,000 bond or an equivalent amount of professional liability coverage.
(2) Requirements. — The examiner —
(A) renders any opinion or conclusion regarding the test —
 (i) in writing and solely on the basis of an analysis of polygraph test charts,
 (ii) that does not contain information other than admissions, information, case facts, and interpretation of the charts relevant to the purpose and stated objectives of the test, and
 (iii) that does not include any recommendation concerning the employment of the examinee; and
 (B) maintains all opinions, reports, charts, written questions, lists, and other records relating to the test for a minimum period of 3 years after administration of the test. (Emphasis added.)
Id. § 2007(c). A polygraph examiner may disclose information acquired from a polygraph test only to specified persons and entities. Id. § 2008. Finally, the federal act states as follows:
 Except as provided in subsections (a), (b), and (c) of section 7 [29 U.S.C. § 2006], this Act shall not preempt any provision of any State or local law or of any negotiated collective bargaining agreement that prohibits lie detector tests or is more restrictive with respect to lie detector tests than any provision of this Act.
Id. § 2009. The subsections of section 7 referred to provide for the exemptions for governmental employees, contractors with national security and national defense agencies, and contractors with the Federal Bureau of Investigation.
You first ask whether the Employee Polygraph Protection Act of 1988 will alter your renewal process regarding the state's bond or insurance requirement. The Texas Polygraph Examiners Act provides that an applicant for a license must furnish the board evidence of a surety bond or insurance policy in the sum of $5,000. V.T.C.S. art. 4413(29cc), § 8(b). The bond or insurance policy is to provide for the payment to the extent of its face amount of all judgments recovered against the licensee because of any wrongful or illegal acts committed by him in the course of his examinations. Id. A board rule requires that the bond or insurance policy remain in force as a condition to continued licensure. Tex.Polygraph Ex.Bd., 13 Tex.Reg. 831 (1988), supra.
The federal statute requires a $50,000 bond or an equivalent amount of professional liability coverage of polygraph examiners who test employees of private employers under the exemptions found in 29 U.S.C. § 2006(d), (e), and (f). A licensed polygraph examiner who never tests employees under those exemptions will not need to maintain a $50,000 bond or the equivalent in liability coverage. The federal statute does not change the requirements for licensing as a polygraph examiner under Texas law. Instead, it effectively prevents licensed polygraph examiners from testing employees or prospective employees for a private employer, except as permitted under the exemptions, and imposes additional requirements on an examiner who conducts an examination permitted by an exemption.
The individual polygraph examiner must therefore decide whether he wishes to be qualified to test employees and prospective employees of private employers under the exemptions, and if so, he must secure a $50,000 bond or equivalent liability coverage. The federal legislation does not change the authority of the Polygraph Examiners Board to issue or renew a license for an applicant who provides evidence of a surety bond or insurance policy in the sum of $5,000.
You next ask what is meant by the underlined language of the following provision of the federal statute:
 (B) maintains a minimum of a $50,000 bond or an equivalent amount of professional liability coverage. (Emphasis added.)
29 U.S.C. § 2007(c)(1)(B).
You correctly suggest that this language refers to an insurance policy. "Coverage" is the sum of risks which an insurance policy covers. See, e.g., Seabaugh v. Sisk, 413 S.W.2d 602, 606 (Mo.App. 1967); Freimuth v. Glens Falls Ins. Co., 314 P.2d 468, 471 (Wash. 1957); D'Angelo v. Cornell Paperboard Products, Co.,207 N.W.2d 846, 849 (Wis. 1973); Webster's New International Dictionary 613 (2d ed. 1947).
You also ask what conditions should be placed on the obligor according to such policy. The statute provides that the Secretary of Labor shall issue rules and regulations necessary or appropriate to carry out the Act. 29 U.S.C. § 2001 (note). The regulations may answer your question about the conditions placed on the obligor. We can provide only general guidance on this matter, and any suggestions we make must be reevaluated when regulations are issued.
Professional and occupational liability insurance policies are issued to professional or business people to insure against error, mistake, or omissions. 43 Am.Jur.2d Insurance § 726. Such policies may exclude coverage for an undertaking in violation of law. Id.; Annot., 33 ALR 4th 14, § 5 (1984).
The House Conference Report on the Employee Polygraph Protection Act stated that the enforcement provisions were not intended to limit private actions being brought under current law and that nothing in the Act was intended to limit the courts in granting any and all remedies currently available. H.R.Conf.Rep. No. 659, 100th Cong., 2d Sess. reprinted in 1988 U.S. Code Cong. Admin.News 749, 752. The federal statute imposes specific duties on a polygraph examiner who tests an employee or prospective employee for a private employer under one of the section 7 exemptions. The purpose of the professional liability insurance policy may be to pay damages arising from the polygraph examiner's errors, mistakes, or omissions in giving such examinations, in particular, errors, mistakes, and omissions with respect to the requirements imposed upon him by the statute.
You finally ask whether the Polygraph Examiners Board is required to enforce the conditions set forth in the federal Act, and you refer us to provisions codified at 29 U.S.C. § 2004, 2005. Section 2004 empowers the Secretary of Labor to make investigations and gives him subpoena authority. He is also directed to cooperate with state agencies to aid in carrying out the purposes of the Act. Section 2005 authorizes the Secretary to seek civil penalties from an employer who violates any provision of the Act and to bring an action to restrain violations thereof. It also allows a private civil action against an employer who violates the Act by the employee or prospective employee affected by such violation. Neither of these sections permit or require enforcement by the Polygraph Examiners Board.
The conditions which the federal legislation imposes on polygraph examiners who conduct examinations under the exemptions in section 7 may, however, be relevant to disciplinary actions by the Board.
Several of the grounds for disciplining a licensee relate solely to violations of the Polygraph Examiners Act, but, in particular cases, a licensee's disregard of conditions required under federal law might demonstrate "unworthiness or incompetency to act as a polygraph examiner." V.T.C.S. art. 4413(29cc), § 19(7). Moreover, some of the conduct which would violate requirements imposed upon a polygraph examiner by the federal act could also violate provisions of the Texas statute and thus provide grounds for disciplining a licensee. See id. § 19(13) (violating confidentiality provision of state law). The Board has, however, no direct authority to enforce the federal law.
 SUMMARY
The Employee Polygraph Protection Act of 1988, a federal statute effective in December of 1988, prohibits private employers from requiring employees or prospective employees to take lie detector tests, except where permitted by the exemptions set out in the Act. The federal statute will not change the amount of the bond or insurance coverage required for issuance or renewal of a license under the Texas Polygraph Examiners Act. V.T.C.S. art. 4413(29cc). However, a licensed polygraph examiner may not conduct examinations of employees or prospective employees for private employers under the exemptions to the federal Act unless he complies with the conditions set out therein, including the requirement that he maintain a $50,000 bond or an equivalent amount of professional liability insurance. The Board of Polygraph Examiners has no authority to enforce the federal law, although a polygraph examiner's conduct in violation of its provisions might in some cases provide grounds for the board's bringing a disciplinary action against him.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lous McCreary Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Susan L. Garrison Assistant Attorney General